VICTOR BARBERO, RESPONDENT, v. STEPHEN PELLEGRINO, APPELLANT.

Submitted February 13, 1931—Decided October 19, 1931.

For the respondent, *Harley, Cox & Walburg* (*Harry E. Walburg* and *John J. Francis,* of counsel).

For the appellant, *Evans, Smith & Evans* (*John F. Evans,* of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a verdict rendered by a jury in the New Jersey Supreme Court and tried at the Passaic Circuit before his honor, William B. Mackay, Circuit Court judge, to whom it was referred for trial. The plaintiff, Victor Barbero, brought suit against the defendant, Stephen Pellegrino, to recover compensation for injuries re-

ceived by him while at work as a carpenter in the erection of a five-story apartment house in the city of Paterson. On June 4th, 1927, the plaintiff had arrived on the job before eight o'clock A. M., had put on his working clothes in a shanty which was close to the building being erected and was talking to another carpenter when a brick fell from the apartment house and struck the plaintiff on the head rendering him unconscious and seriously injuring him. At the time the accident occurred the masons, who were to prepare the mortar and brick for the bricklayers, were already on top of the building near a parapet wall which was being erected there and which was directly above the place where the plaintiff was standing. The testimony disclosed that these masons were the only workmen engaged in work on the building at the time of the accident. The accident happened shortly before eight o'clock A. M., and the other laborers did not begin work until eight. The plaintiff claimed that the brick was one of a number being used by the defendant's employes as a face brick in the parapet wall on top of said building, and that the falling of it from the building was the result of the carelessness of one of such employes. The proof on the part of the plaintiff further showed that four weeks after the happening of the accident the defendant admitted to him in the presence of one of the owners of the building, David Letz, and a representative of an insurance company, Benjamin Brune, that the accident was caused by one of his laborers. This admission was also testified to by the said Letz and the said Brune. The defendant, Pellegrino, who was the contractor for the mason work, denied any such admission. After the close of the case the trial judge charged the jury and in his charge stated to the jury that: "Of course, this plaintiff seeks to hold the defendant, Pellegrino, on the ground that it was the act, the negligent act, of one of his employes or servants, and his employes were the masons and the masons' helpers, that were employed by Pellegrino and under his full direction and control, in doing the mason work or brick work on this building."

"So the defendant says for those reasons there was no negligence on the 'part of the defendant and therefore there could be no verdict for the plaintiff in this case." The trial judge then proceeded to say: "The burden of proof is upon the plaintiff to satisfy you by the fair preponderance of the testimony that the defendant was negligent, and the negligence of the servants, of course, would be the negligence of the defendant, that is, if the defendant was negligent in this case; that is what the plaintiff must show by the fair preponderance of the testimony. That means by the greater and weightier evidence. It means by the more convincing evidence. There has been a case in New Jersey about the same as this case which was taken up to our Supreme Court and decided by our Supreme Court. That was the case known as the Sheridan case, and there the Supreme Court laid down as a matter of law that a contractor who is engaged in the erection of a building is bound to take care to prevent materials which he is using from falling upon and injuring other persons who are at work about the building, and you have the right to presume from the mere happening of such an accident, in the absence of an explanation by the contractor, that it occurred from want of reasonable care.

"Now, you see, the question then comes to you as to the explanation by the defendant of the happening of this accident, and, as I say, the defendant has explained it in two ways; first, by saying that he had no men there who were working with bricks at that time and at that place and that it could not happen in that manner; and, secondly, of course, he says that it was not a negligent act on his part."

The only ground upon which this court is asked to reverse the judgment is that this instruction, which in effect made applicable the case of *Sheridan* v. *Foley,* 58 *N. J. L.* 230, to the present case, was erroneous. We think that this contention on the part of the defendant is not sound. If the accident occurred through the act of one of the defendant's employes, as the plaintiff and his witnesses testified to and as they stated the defendant had admitted, then the doctrine of the case of Sheridan *v.* Foley was applicable and the court

was justified in instructing the jury as he did. We also point out that the trial court went further and said to the jury as follows: "Now, if you find from the evidence in this case that there was no negligence whatever or no negligent act on the part of the defendant, that the accident was not caused by one of his men, then, of course, you could not hold the defendant in this case and your verdict would have to be for the defendant, no cause for action." The doctrine *res ipsa loquitur* was applied in the case of Sheridan *v.* Foley, and that case in effect held that—

"A contractor, who is engaged in the erection of a building, is bound to take care to prevent materials which he is using from falling upon and injuring other persons who are at work about the building; and it will be presumed, from the mere happening of such an accident, in the absence of explanation by the contractor, that it occurred from want of reasonable care."

As shown by the charge of the judge, above set forth, it was made perfectly plain to the jury that if the accident did not happen in the way claimed by the plaintiff, that is, that none of the. defendant's employes were present at work on the building at the time of its occurrence, then the plaintiff had failed to make out a case.

We think that the charge of the trial court was not erroneous. The judgment under review is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.